# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
DEMETRICE BELL-O'NEAL,              *
on behalf of A.O., a minor child,  *
                                   *     No. 13-835V
            Petitioner,            *     Special Master Christian J. Moran
                                   *
v.                                 *     Filed:  April 4, 2017
                                   *
SECRETARY OF HEALTH                *     Attorneys' fees and costs
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
* * * * * * * * * * * * * * * * * * * *
```

<u>Diana L. Stadelnikas</u>, Maglio Christopher and Toale, PA, Sarasota, FL, for
Petitioner;
<u>Claudia B. Gangi</u>, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On January 4, 2017, petitioner moved for $76,333.73 in final attorneys' fees
and costs in the above-captioned matter.  The Court awards petitioner's total
request.

On October 25, 2013, Demetrice Bell-O'Neal filed a petition on behalf of
A.O., a minor child, under the National Vaccine Injury Compensation Program, 42
U.S.C. §§300aa-10 through 34 (2012), alleging that the flu mist influenza vaccine,
which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a),
and which was received on January 11, 2012, causing Guillain Barre Syndrome.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and
Promotion of Electronic Government Services), requires that the Court post this decision on its
website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing
redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).
Any redactions ordered by the special master will appear in the document posted on the website.

The undersigned issued a decision awarding compensation to A.O. based on the parties' stipulation. <u>Decision</u>, 2015 WL 13092166 (November 30, 2015).

Because A.O. received compensation, she is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" <u>Id.</u> at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. <u>Id.</u> at 1348.

\*      \*      \*

Petitioner seeks a total of **$76,333.73** ($51,848.30 in attorneys' fees ($43,987.80 + 7,860.50), and $24,485.43 in attorney costs ($7.50 + $14,453.93 + $10,024.00)) for her counsel. In compliance with General Order No. 9, petitioner states that she advanced no monies for reimbursable costs in pursuit of his claim. For hourly rates, petitioner's counsel, Ms. Stadelnikas proposed $300 per hour for 2013, 2014, and 2015, and $359 per hour for 2016. These rates are reasonable and have previously been awarded. <u>See</u> <u>Perez v. Sec'y of Health & Human Servs.</u>, No. 10-659V, 2016 WL 8077957 (Fed. Cl. Spec. Mstr. Dec. 30, 2016); <u>Dezern v. Sec'y of Health & Human Servs.</u>, No. 13-643V, 2016 WL 6678496, at \*4 (Fed. Cl. Spec. Mstr. Oct. 14, 2016).

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. <u>See</u> <u>Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. <u>See</u> <u>Shea v. Sec'y of Health & Human Servs.</u>, No. 13-737V, 2015 WL 9594109, at \*2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any

specific alleged inefficiencies"). The hours that Demetrice Bell-O'Neal's counsel worked are reasonable. See also Anderson v. Sec'y of Health & Human Servs., No. 14-879V, 2016 WL 4169107 (Fed. Cl. Spec. Mstr. Jun. 28, 2016).

In addition to seeking attorneys' fees, Demetrice Bell-O'Neal seeks an award of costs for her counsel. All costs are reasonable, documented, and are awarded in full.

After reviewing the request, the Court awards the following:

a. **A lump sum of $58,441.73 in the form of a check made payable to petitioner and petitioner's attorney, Diana Stadelnikas, of Maglio Christopher and Toale, PA, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

b. **A lump sum of $7,868.00 in the form of a check made payable to petitioner and Adams, Hemingway & Wilson, L.L.P. for guardianship attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

c. **A lump sum of $10,024.00 in the form of a check made payable to petitioner and McNeal Agency, Inc. for conservatorship costs under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.